UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| THE ESTATE OF DAMION MICHAEL SCHROEDER BY AND THROUGH THE PERSONAL REPRESENTATIVES, MICHAEL SCHROEDER AND SANDRA L. KEYSER, AND ANNE M. CLANCEY, AS GUARDIAN OF L.G.C., HEIR OF DAMION MICHAEL SCHROEDER § § § § § § § § § <br><br>Plaintiff, § § <br>V. § § <br>GILLESPIE COUNTY, GILLESPIE COUNTY SHERIFF'S DEPARTMENT, SHERIFF BUDDY MILLS, AND UNNAMED DEPUTY SHERIFFS § § § § § § <br>Defendants. § | Civil Action:   1:12-CV-01139 |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Plaintiffs, the ESTATE OF DAMION MICHAEL SCHROEDER, BY THE PERSONAL REPRESENTATIVES MICHAEL SCHROEDER AND SANDRA L. KEYSER, ("Plaintiff Schroeder") and Plaintiff, ANNE CLANCEY ("PLAINTIFF CLANCEY") AS GUARDIAN OF L.G.C., HEIR OF THE ESTATE OF DAMION MICHAEL SCHROEDER, by and through their counsel, Edgardo R. Báez, Rosemarie Alvarado-Hawkins, and Darby Riley, and for their causes of actions against defendants, Unnamed Deputy Sheriff's ("Defendant Unnamed Deputies"), Individually, and defendants Gillespie County ("Defendant County"), Gillespie County Sheriff's Department ("Defendant Sheriff's"), and Sheriff Buddy Mills ("Defendant Mills") in their official capacities, jointly and severally, state and allege as follows:

## JURISDICTION AND VENUE

1. This action is for monetary damages arising out of the wrongful death of Damion Michael Schroeder under the laws of the State of Texas and the laws of the United States of America and its Constitution.

2. This Court has jurisdiction over Plaintiff's claims under the Civil Rights Act, 42 U.S.C. §§1983, 1988 pursuant to 28 U.S.C. §1331 and §1343 because these claims arise under the Constitution and laws of the United States and are brought to redress the deprivation under color of state law the privileges and immunities secured by the Constitution of the United States.

3. The proper Venue for this cause of action is in the United States District Court for the Western District of Texas where the acts and omissions claimed of occurred in Gillespie County, Texas.

4. Pursuant to 28 U.S.C. §1367 this Court has supplemental jurisdiction over any claims arising under Texas law.

## PARTIES AND SERVICE

5. Plaintiffs, MICHAEL SCHROEDER and SANDRA L. KEYSER are Individuals, and the father and mother of Damion Michael Schroeder. They are also the Personal Representatives of THE ESTATE OF DAMION MICHAEL SCHROEDER. Michael Schroeder and Sandra L. Keyser's address is 8656 Noble Lark, Fair Oaks Ranch, Texas 78015, and at the time of filing this suit, were and continue to be residents of Texas. Plaintiff Anne Clancey as Guardian of L.G.C., heir of Damion Michael Schroeder. Anne M. Clancey's address is 2214 Rippling Street, San Antonio, Texas 78232 , and at the time of filing this suit, is and continues to be a resident of Texas.

6. Defendant UNNAMED DEPUTIES are individuals, and residents of the State of Texas. Said Defendants may be served with process at their place of employment at the

following address: 1601 East Main Street, Fredericksburg, Texas 78624.  Service of said Defendants as described above can be effected by personal delivery.

7.     Defendant GILLESPIE COUNTY, an entity based in Texas, is organized under the laws of the State of Texas, and service of process may be effected upon said Defendant by serving Maria Levine, who will accept service of process at, 1601 East Main Street, Fredericksburg, Texas 78624-5405.  Service of said Defendant as described above can be effected by personal delivery.

8.     Defendant GILLESPIE COUNTY SHERIFF'S DEPARTMENT a government law enforcement agency, may be served with process by serving Sheriff Buddy Mills at 1601 East Main St, Fredericksburg, Texas 78624.  Service of said Defendant as described above can be effected by personal delivery.

9.     Defendant SHERIFF BUDDY MILLS, an individual, is a resident of the State of Texas.  Said Defendant may be served with process at his place of employment at the following address: 1601 East Main Street, Fredericksburg, Gillespie County, Texas 78624-5405. Service of said Defendant as described above can be effected by personal delivery.

10.    The delineated Defendant deputies are sued individually and the remaining Defendants are sued in their official capacities.  At all times material hereto, Defendant deputies were acting as agent and representative of Gillespie County in the performance of their duties as Sherriff's Deputies. Defendant Unnamed Deputies were acting under the color of law during the incident made the basis of this law suit.

## NATURE OF ACTION

11.    This is an action under Title 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 as amended by the Civil Rights Act of 1991 to redress the deprivation, under color of law, statute, ordinance, regulation, custom or usage, of the right, privilege or immunity secured by the Constitution of the United States and its Amendments, specifically, the 8th and 14th Amendments.

# FACTS

12. That on or about May 4 or 5, 2011, around midnight, Damion Michael Schroeder (hereinafter "Plaintiff's decedent") was arrested for two misdemeanor offenses (driving while intoxicated and evading arrest.)

13. That during the commission of the offenses Plaintiff's decedent was involved in a motorcycle accident and was transported by Mason County EMS to Hill Country Memorial for related injuries.

14. Plaintiff's decedent was subsequently released to the Gillespie County Jail in Fredericksburg, Texas, where he was held at the county jail on two no-bond, out-of-county warrants.

15. That Plaintiff's decedent was placed in a conventional individual jail cell upon his arrival.

16. That on or about May 6, 2011 in the early morning Plaintiff's decedent was found inside his jail cell displaying erratic suicidal behavior and tearing up a blanket which alerted the jailers to his present suicidal thoughts, mental distress, and eminent suicide risk.

17. That despite the Unnamed Deputies' (hereinafter "the jailer(s)"):

   a. knowledge that an eminent suicide risk existed,

   b. notice of Plaintiff's decedent's suicidal ideations and propensity, and/or

   c. training on understanding of offenders with mental impairments, suicidal behavior, jail suicide rates, and detection and prevention of suicide,

the Plaintiff's decedent was put in a cell where he was not continually, and/or systematically observed, and for his safety was not reasonably monitored in accordance with established suicide prevention protocols and policy.

18.     That sometime before 12:10 p.m. and during a period of time where Plaintiff's decedent was left unsupervised for over fifteen minutes in the isolation of his cell, Plaintiff's decedent took the socks he was provided with by the jailers, tied them together into a noose, and hung himself inside his cell.

19.     That at approximately 12:10 p.m., Plaintiff's decedent was found hanging in his cell, not breathing, and lifeless. He was taken to the Hill Country Memorial Hospital Emergency Department for emergency medical help. He was resuscitated, but unconscious and on life support. He suffered and languished in that state for four days.

20.     Plaintiff's decedent died on May 10, 2011 due to anoxic encephalopathy with bronchopneumonia caused by asphyxia by hanging.

**COUNT I.**
**42 U.S.C. §§ 1983, 1988 VIOLATIONS OF THE EIGHTH**
**AND FOURTEENTH AMENDMENTS**

21.     Plaintiffs hereby incorporate by reference all of the facts and allegations stated in paragraphs 1 through 20 above as if fully set forth herein and further alleges as follows:

22.     At all times relevant hereto, Defendant County of Gillespie had a constitutional obligation under the Eighth Amendment to provide adequate medical care (which includes mental health) to those they had incarcerated including, but not limited to, Damion Michael Schroeder.

23.     That Defendant, its employees, the health care providers, and their employees in contract with Defendant, performed their correctional facility tasks including specifically the provision of inmate medical care while under color of state law. In performing the functions associated with the provision of medical care to inmates, the private facilities, their employees, healthcare providers and those under contract with Defendant County of Gillespie are state actors.

24. That the acts and omissions as described above amount to a deliberate indifference by the Defendant Unnamed Deputies and to deliberate indifference by Defendants County of Gillespie, Gillespie County Sherriff's Department, and Sherriff Buddy Mills as to Damion Michael Schroeder's serious medical and mental health needs, which constitute cruel and unusual punishment in contravention of the Eighth Amendment of the Constitution of the United States by virtue of the unreasonable refusal to provide consistent and reasonable medical / mental health / psychiatric care thereby causing substantial harm to, through the death of, Damion Michael Schroeder.

25. That despite the Defendant Unnamed Deputies' knowing that an eminent suicide risk existed for Plaintiff's decedent based on their own booking intake procedures, and knowing that Plaintiff's decedent was expressing suicidal ideations, did not contact jail medical personnel to seek emergency treatment for Plaintiff's decedent, did not place Plaintiff's decedent in a cell where he was observed at all times and did nothing whatsoever, which amounts to deprivation of Damion Michael Schroeder's Eighth Amendment Constitutional Rights.

26. These acts and omissions of Defendant Unnamed Deputies were reckless acts which were wantonly committed in utter disregard for the safety and care of Damion Michael Schroeder and were such a departure from the ordinary standard of care they constitute a willful and wanton misconduct and as such, punitive damages are warranted in this cause of action.

27. That as a proximate direct result of Defendant Unnamed Deputies' acts and omissions as specified above, the Estate of Damion Michael Schroeder suffered damages including but not limited to:

   a. Loss of society, companionship and future relationship of Damion Michael Schroeder.

   b. Pecuniary loss of the Estate of Damion Michael Schroeder including medical bills, loss of income and support.

    c. Funeral Expenses.

    d. Punitive damages against Defendant Unnamed Deputies.

## COUNT II

28. Plaintiff hereby incorporates by reference all of the facts and allegations stated in paragraphs 1 through 26 above as if fully set forth herein and further alleges as follows:

29. That Defendant Gillespie County's actions and inactions as described above constitute violation of Damion Michael Schroeder's liberty without due process of the law in violation of the Fourteenth Amendment of the Constitution of the United states by virtue of the Defendant's unreasonable refusal to provide consistent and reasonable medical / mental health / psychiatric care and failing to put Plaintiff's decedent on a suicide watch and/or follow established suicide prevention protocols and policy.

30. That as a proximate direct result of Defendant Gillespie County's acts or omissions as specified above, the Estate of Damion Michael Schroeder suffered damages including, but not limited to:

    a. Loss of society, companionship and future relationship of Damion Michael Schroeder.

    b. Pecuniary loss of the Estate of Damion Michael Schroeder including medical bills, loss of income and support.

    c. Funeral Expenses.

    d. Punitive damages against Defendant Unnamed Deputies.

## COUNT III.

31. Plaintiff hereby incorporates by reference all of the facts and allegations stated in paragraphs 1 through 30 above as if fully set forth herein and further alleges as follows:

32. That Defendant Gillespie County Sheriff's Department's actions and inactions as described above constitute violation of Damion Michael Schroeder's liberty without due process

of the law in violation of the Fourteenth Amendment of the Constitution of the United States by virtue of the Defendant's unreasonable refusal to provide consistent and reasonable medical / mental health / psychiatric care and failing to put Plaintiff's decedent on a suicide watch and/or follow established suicide prevention protocols and policy.

33. That as a proximate direct result of Defendant Gillespie County Sheriff's Department's acts or omissions as specified above, the Estate of Damion Michael Schroeder suffered damages including but not limited to:

    a. Loss of society, companionship and future relationship of Damion Michael Schroeder.

    b. Pecuniary loss of the Estate of Damion Michael Schroeder including medical bills, loss of income and support.

    c. Funeral Expenses.

    d. Punitive damages against Defendant Unnamed Deputies.

## COUNT IV.

34. Plaintiff hereby incorporates by reference all of the facts and allegations stated in paragraphs 1 through 33 above as if fully set forth herein and further alleges as follows:

35. Gillespie County had no policy following an assessment or determination of a suicide risk of an inmate.

36. The County had no policy for frequent observation of inmates posing a higher suicide risk.

37. The County had no policy on placing individuals deemed higher suicide risk in cells that could be observed by jail officials at all times.

38. The County did not adequately train staff on how to monitor and keep safe inmates deemed a suicide risk.

39. That the County had either a policy or contract with behavioral health experts about referring inmates at high risk to a behavioral health professional for assessment and treatment, but did not adequately train its employees in this policy.

40. That as a proximate result of the County's lack of policies as specified above and/or lack of training on certain policies they did have, Damion Michael Schroeder attempted to commit suicide at the Gillespie County Jail on May 6, 2011, died from the injuries he received from his attempt on May 10, 2011, and the Estate of Damion Michael Schroeder suffered damages including, but not limited to:

   e. Loss of society, companionship and future relationship of Damion Michael Schroeder.

   f. Pecuniary loss of the Estate of Damion Michael Schroeder including medical bills, loss of income and support.

   g. Funeral Expenses.

   h. Punitive damages against Defendant Unnamed Deputies.

## COUNT V

41. The allegations contained in Paragraphs 1 through 40 above are incorporated herein by reference the same as if fully set forth verbatim.

42. **42 U.S.C. §1988.** Applicability of Statutory and Common Law.

   a. The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies

9

      and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

b. In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, 1986, and 1988 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

c. Expert fees - In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

WHEREFORE Plaintiff demands judgment against Defendant Gillespie County in an amount they are found to be entitled to in excess of Five Million Dollars plus costs, interest, reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

### DEMAND FOR JURY

Plaintiffs hereby Demands Trial by Jury.

DATED this 14th day of December, 2012.

        Respectfully submitted,

        THE BÁEZ LAW FIRM, P.C.
        1100 NW Loop 410, Suite 500
        San Antonio, Texas 78213
        Tel: (210) 979-9777
        Fax: (210) 979-9774


        By:   */s/Edgardo R. Báez*
            Edgardo R. Báez
            State Bar No. 24048334
            Gable Sadovsky
            State Bar No. 24081788
            Attorneys for Plaintiffs


        ROSIE ALVARADO, P.C.
        115 Camaron
        San Antonio, Texas 78205
        Tel: (210) 223-2685
        Fax: (210) 223-9464

        By:   */s/Rosie Alvarado*
            Rosemarie Alvarado-Hawkins

12

        State Bar No. 24036131
        Attorney for Plaintiffs


        DARBY RILEY
        RILEY & RILEY, Attorneys at Law
        320 Lexington Avenue
        San Antonio, Texas 78215-1913
        Tel: (210) 225-7236
        Fax: (210) 227-7907


By:   */s/Darby Riley*
        Darby Riley
        State Bar No. 16924400
        Attorney for Plaintiffs

12